GARRISON, Judge.
This is an appeal from a judgment of the district court maintaining Citicorp’s exception of no right and/or cause of action to maintain a class action and dismissing the class action demand. From that judgment, which we affirm, the Fees appeal.
On September 13, 1979, Citicorp sued the Fees on a promissory note. On October 8, 1979, defendants answered and reconvened against Citicorp. On October 23,1979, Citi-corp answered the reconventional demand. On January 9, 1980, Citicorp filed an exception of no right and/or cause of action to maintain a class action.
The Fees had discovered variances between the note and mortgage in that the note called for interest computed on the outstanding balance until paid, while the mortgage recited that interest run from maturity and the note provided for 119 payments of $168.00 and one payment of $408.68, while the mortgage calls for 120 payments of $168.00. The Fees further discovered that Citicorp had 349 other notes where a variance between the note and the mortgage existed. The class action sought to litigate the issue: whether Citicorp can use executory process where the note and mortgage disagree.
While a common question of law is a necessary element of a class action suit, a common question of law alone is insufficient:
“The original federal class action from which our Article 591 was adapted provided for three kinds of class actions, the so-called ‘true’, ‘hybrid’, and ‘spurious’. The hybrid and spurious class actions generally required no more connexity between the rights of the representative and of the absent members than the existence of a common question of law or fact, whereas the true class action required a stronger relationship between the claims. Thus, we are satisfied that, in rejecting the hybrid and spurious class actions our legislature intended that there be a relationship between the claims greater than simply that of sharing a common question of law or fact.
* * * * * *
“In determining how the legislature intended the courts to define and apply the concept of allowing a class action to enforce rights with a common character, we are mindful of the basic goals or aims of any procedural device: to implement the substantive law, and to implement that law in a manner which will provide maxi *393 mum fairness to all parties with a minimum expenditure of judicial effort. Implicit, then, in decision that rights are of a common character is a consideration of the extent to which a clear legislative policy might be thwarted, or hampered in its implementation, by the lack of availability of the class action device.
“But this does not end the inquiry. Fairness to the parties demands at the least that the relationship between the claims of members of the class should be examined to determine whether it would be unfair to the members of the class, or to the party opposing the class, to permit separate adjudication of the claims. In determining whether it would be unfair to require separate adjudications, for instance, the courts should consider the precedential value of the first decision, as well as the extent of injustice that will be produced by inconsistent judgments in separate actions. Another factor to be considered, for example, is the size of the claims of the absent members of the class, for the greater the claim, the greater the interest of its owner in prosecuting it in a separate action.
“We should note once again that existence of a common question of law or fact does not by itself justify a class action, even though the parties be too numerous to be joined practicably and even though adequate representation is afforded by the typical member or members of the class who are parties to this suit. To this extent, the criteria of the revised Federal Rule 23 had been rejected by our legisla-, ture.”
Stevens v. Bd. of Trustees of Police Pension Fund, 309 So.2d 144, 150-151 (La.1975).
We agree with the finding of the trial judge that there exists here only a common question of law and that no other connexity exists. We note that the trial judge is granted “considerable discretion” and we cannot conclude that he abused his discretion by failing to certify a class where a number of the debtors have not defaulted on the loans and where Citicorp has attempted foreclosure by executory process on only one loan — the instant appeal.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.